IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1615-M-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert E. Anderson, a Texas prisoner, has filed a handwritten pleading that appears to allege the denial of medical care and other wrongdoing by Texas prison authorities. For the reasons stated herein, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On April 26, 2013, Plaintiff filed a handwritten pleading seeking assistance in challenging the denial of hernia surgery and seeking consideration of numerous prison grievances challenging the conditions of his confinement by officials of the Texas Department of Criminal Justice. *See* Dkt. No. 1. Plaintiff did not file his civil rights complaint on a court-approved form or otherwise comply with Federal Rule of Civil Procedure 8(a), and he failed to pay the statutory filing fee or properly seek leave to proceed *in forma pauperis*. By order dated April 30, 2013, the Court notified Plaintiff

of the deficiencies and warned that the case would be dismissed unless he filed a proper 42 U.S.C. § 1983 complaint and either paid the filing fee or filed a form motion to proceed *in forma pauperis* within 20 days. *See* Dkt. No. 4.

Plaintiff then filed a motion to proceed *in forma pauperis*, *see* Dkt. No. 6, which was granted by the Court, *see* Dkt. No. 7. However, Plaintiff did not file a proper complaint.

On June 4, 2013, the Court instructed Plaintiff to file a form civil rights complaint, setting forth a short and plain statement of the claim showing that he is entitled to relief, by June 25, 2013, and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." Dkt. No. 8. That order has been also ignored.

The Court now determines that this case should be dismissed without prejudice pursuant to Rule 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and

the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff has not filed a complaint that complies with Federal Rule of Civil Procedure 8(a) and has not otherwise made clear the allegations that he wishes to raise or identified the individuals or entities whom he believes to be liable. Until he does so, this litigation cannot proceed.

Plaintiff was notified of these deficiencies on two separate occasions and warned that the failure to file an amended complaint would result in the dismissal of his case. *See* Dkt. No. 4; Dkt. No. 8. Both orders have been ignored.

Under these circumstances, dismissal is warranted. *See, e.g., Gilmore v. Unnamed Defendant*, No. 3:08-cv-2006-B, 2009 WL 605809 (N.D. Tex. Mar. 9, 2009) (dismissing civil rights complaint without prejudice after plaintiff failed to comply with two court orders requiring him to file an amended complaint and either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

## Recommendation

This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE